ELECTRONICALLY FILED - 2017 May 23 3:26 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

STATE OF SOUTH CAROLINA )

COUNTY OF HORRY )

Marin Zamora, )

Plaintiff(s)

vs. )

Landscape Resources, LLC & James R. Horton, )

Defendant(s)

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

2017-CP - 26- _____

Submitted By: David J. Canty, P.A.
Address: 4612 Oleander Drive
Myrtle Beach, SC 29577

| | |
|---|---|
| SC Bar #: | 1122 |
| Telephone #: | (843) 449-6304 |
| Fax #: | (843) 449-4249 |
| Other: | |
| E-mail: | mbcounsel1@frontier.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.    ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ General (130)
☐ Breach of Contract (140)
☐ Fraud/Bad Faith (150)
☐ Failure to Deliver/ Warranty (160)

☐ Employment Discrm (179)
☒ Employment (180)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20 - _____
☐ Notice File Med Mal (230)
☐ Other (299)

**Torts - Personal Injury**
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Assault/Battery (370)
☐ Slander/Libel (380)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Dry. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture - Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm (980)
☐ Employment Security Comm (991)

☐ Other (999)

**Special/Complex/Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Sexual Predator (510)
☐ Permanent Restraining Order (684)

☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Pre-suit Discovery (670)

Submitting Party Signature: s/David J. Canty

Date: May 18, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)

Page 1 of 2



EXHIBIT
A

ELECTRONICALLY FILED - 2017 May 23 3:26 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS OF THE |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | 17-CP-26-_____ |
| ) | |
| Maria Zamora, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| Landscape Resources, LLC & ) | |
| James R. Horton, ) | |
| Defendants. ) | |

TO:   THE DEFENDANTS ABOVE-NAMED

YOU ARE HEREBY SUMMONED and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his office at 4612 Oleander Drive, Myrtle Beach, S.C. 29577, within (30) days after the service hereof, exclusive of the day of such service; and if you fail to Answer the Complaint within the time aforesaid, Judgment by Default will be rendered against you for the relief demanded in the Complaint.

David J. Canty, P.A.

Myrtle Beach, S.C.                    by:    s/David J. Canty
May 18, 2017                                  S.C. Bar No. 1122
                                              Attorney for Plaintiff
                                              4612 Oleander Drive
                                              Myrtle Beach, S.C. 29577
                                              Office (843) 449-6304
                                              Fax (843) 449-4249
                                              mbcounsel@frontier.com

ELECTRONICALLY FILED - 2017 May 23 3:26 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS OF THE |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | 17-CP-26-_____ |
| | ) | |
| Maria Zamora, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| Landscape Resources, LLC & | ) | |
| James R. Horton, | ) | |
| Defendants. | ) | |

The Plaintiff, Complaining of the Defendants, would respectfully show unto this Honorable Court as follows:

1. That upon information and belief the Defendant LLC is a South Carolina LLC licensed to do business and doing business in the County and State aforesaid, the Plaintiff and individual Defendant are residents of the aforesaid County, the acts and omissions complained of herein occurred in the aforesaid County and this Honorable Court has jurisdiction in this matter.

2. That the Plaintiff was employed by the Defendants or their predecessors in interest for five years until May 15, 2017.

3. That Plaintiff was Defendants' "Employee" within the meaning of the Payment of Wage Act, Section 41-10-10, et seq., Code of Laws of South Carolina (hereinafter "The Act").

4. That Defendants were, for the period of five years Plaintiff's "Employers" within the meaning of Section 10 of the Act in that the individual Defendant was both a principal, agent or officer of the corporate Defendant and directly responsible for the decision to withhold wages as set forth infra.

5. That throughout Plaintiff's employment Defendants engaged in a systematic scheme of wag theft.

ELECTRONICALLY FILED - 2017 May 23 3:26 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

6. That the Defendants routinely paid overtime wages for hours above forty-five per week rather than forty.

7. That the Defendants in this manner appropriated to themselves Plaintiff's overtime wages amounting to approximately Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars.

8. That there is presently due owing from the Defendants, jointly and severally, the approximate sum of Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars unpaid wages which Plaintiff is informed and believes she is entitled to have trebled pursuant to Section 80 (C) of the Act.

9. That Plaintiff is informed and believes that she is entitled to a complete accounting of her hours and pay for the five years ending May 15, 2017 pursuant to Section 30(B) of the Act.

10. That Plaintiff is informed and believes that she is entitled to an award of reasonable attorney's fees and costs against the Defendants, jointly and severally, in an amount deemed appropriate by this Honorable Court.

Wherefore Plaintiff prays that this Honorable Court inquire into the matters herein alleged and:

a.) Grant Judgment in favor of the Plaintiff and against the Defendants, jointly and severally, in the amount three times the wages formed to be due, estimated at approximately Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars;

b.) Award Plaintiff a reasonable sum as attorney's fees plus costs;

c.) Order a complete accounting of Plaintiff's hours and pay for the past five (5) years; and

2

d.) Grant such other and further relief as this Honorable Court deems just and proper.

David J. Canty, P.A.

Myrtle Beach, S.C.
May 18, 2017

by: ___s/David J. Canty___
S.C. Bar No. 1122
Attorney for Plaintiff
4612 Oleander Drive
Myrtle Beach, S.C. 29577
Office (843) 449-6304
Fax (843) 449-4249
mbcounsel@frontier.com

ELECTRONICALLY FILED - 2017 May 23 3:26 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | ) | FIFTEENTH JUDICIAL CIRCUIT |
| | ) | |
| | ) | Civil Action No. 2017-CP-26-03168 |
| MARIA ZAMORA, | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' ANSWER TO** |
| v. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| LANDSCAPE RESOURCES, LLC & | ) | |
| JAMES R. HORTON, | ) | |
| Defendants. | ) | |
| | ) | |

Defendants, Landscape Resources, LLC ("LRL") and James R. Horton ("Horton"), answer the correspondingly numbered paragraphs of the Complaint and respectfully assert the following. All allegations not expressly admitted are hereby denied.

1.    Defendants admit LRL is a South Carolina limited liability company licensed to do business in South Carolina and doing business in Horry County, South Carolina. Defendants admit that jurisdiction within this Court is proper. Defendants admit upon information and belief that Plaintiff is a resident of Horry County. Except as expressly admitted, the allegations of Paragraph 1 are denied.

2.    Denied.

3.    This paragraph calls for a legal conclusion for which no response is required. If a response is required, the allegations of Paragraph 3 are denied.

4.    This paragraph calls for a legal conclusion for which no response is required. If a response is required, the allegations of Paragraph 4 are denied.

5.    Denied.

6.    Denied.

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

7.      Denied.

8.      Denied.

9.      Denied. Defendants further deny that S.C. Code Ann. § 41-10-30(B), which Defendants assume Plaintiff is referencing, provides for an "accounting", as alleged by Plaintiff in Paragraph 9.

10.     Denied.

## DEFENSES

11.     The Complaint fails to state a claim upon which relief can be granted pursuant to S.C. R. Civ. P. 12(B)(6) and should be dismissed.

12.     The South Carolina Payment of Wages Act ("SCPWA"), S.C. Code § 41-10-10 *et seq.*, does not provide for, or govern, overtime pay to employees. Any claim for overtime pay is preempted by the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), thus, there is no available relief related to overtime pay provided for under the statute that forms the basis for Plaintiff's sole legal claim, the SCPWA.

13.     The Plaintiff was not entitled to overtime pay and was paid all wages owed to her.

14.     The applicable statute of limitations for overtime wage claims under the FLSA is a maximum of three years, and the SCPWA has a three year statute of limitations, and Plaintiff thus has no right to an accounting or recovery of any wages going back more than the maximum of three years.

15.     Any wages that were not paid to Plaintiff were wages in dispute under the SCPWA.

16.     Defendant Horton did not allow Defendant LRL to violate the SCPWA and thus he may not be held individually liable to Plaintiff under the SCPWA.

2

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

17.     Treble damages under the SCPWA are discretionary and not justified by the facts of this case.

18.     Defendant LRL was not Plaintiff's employer, and thus cannot be liable to Plaintiff under the SCPWA.

19.     Defendants assert any and all legal or equitable defenses that currently exist and/or may hereinafter be discovered. Defendants reserve the right to specifically assert other defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray unto this Court as follows:

1.     That the Complaint be dismissed in whole or in part with prejudice;

2.     That Plaintiff have and recover nothing of Defendants;

3.     That the costs of this action, including a reasonable attorney's fee, be taxed to Plaintiff; and

4.     For other relief as may be just and proper.

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/Amy Y. Jenkins*
Amy Y. Jenkins, S.C. Bar No.: 12239
Jonathan G. Lane, S.C. Bar No.: 101787
735 Johnnie Dodds Boulevard, Suite 200 (29464)
Post Office Box 650007
Mt. Pleasant, South Carolina 29465
(843) 576-2900

ATTORNEYS FOR DEFENDANTS

June 21, 2017

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF HORRY ) FIFTEENTH JUDICIAL CIRCUIT
)
) Civil Action No. 2017-CP-26-03168
MARIA ZAMORA, )
)
     Plaintiff, )
) **CERTIFICATE OF SERVICE**
   v. )
)
LANDSCAPE RESOURCES, LLC & )
JAMES R. HORTON, )
)
    Defendants. )
)

I hereby certify that I have this 21st day of June, 2017, served a copy of the foregoing

*Defendants' Answer to Plaintiff's Complaint* with the Clerk of Court using the South Carolina

E-Filing System which will send notification of such filing to the following:

        David J. Canty, Esquire
        David J. Canty, P.A.
        4612 Oleander Drive
        Myrtle Beach, South Carolina 29577
        (843) 449-4249
        *Attorney for Plaintiff*

        McANGUS GOUDELOCK & COURIE, L.L.C.

        *s/Amy Y. Jenkins*
        Amy Y. Jenkins, S.C. Bar No.: 12239
        Jonathan G. Lane, S.C. Bar No.: 101787
        735 Johnnie Dodds Boulevard, Suite 200 (29464)
        Post Office Box 650007
        Mt. Pleasant, South Carolina 29465
        (843) 576-2900

        ATTORNEYS FOR DEFENDANTS

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                  )    FIFTEENTH JUDICIAL CIRCUIT

COUNTY OF HORRY          )

                  )    Civil Action No. 2017-CP-26-03168

MARIA ZAMORA,         )

                  )

     Plaintiff,       )

                  )    **DEFENDANTS' MOTION TO DISMISS**

    v.               )

                  )

LANDSCAPE RESOURCES, LLC &   )
JAMES R. HORTON,       )

                  )

     Defendants.     )

                  )

Defendant Landscape Resources, LLC ("LRL") and James R. Horton ("Horton") hereby submit this Motion to Dismiss pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. Defendants move this Court to dismiss Plaintiff's Complaint against them for the following reason:

    1.    the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* (hereinafter "SCPWA") does not govern overtime and includes no provisions requiring employers to pay overtime to employees. Rather, any such claim is preempted by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and her Complaint should be dismissed.

WHEREFORE, Defendants seek dismissal of such claims. Defendants submit herewith a Memorandum of Law in Support of this Motion.

*(Signature Block On Next Page)*

1

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/Amy Y. Jenkins*
Amy Y. Jenkins, S.C. Bar No.: 12239
Jonathan G. Lane, S.C. Bar No.: 101787
735 Johnnie Dodds Boulevard, Suite 200 (29464)
Post Office Box 650007
Mt. Pleasant, South Carolina 29465
(843) 576-2900

ATTORNEYS FOR DEFENDANTS

June 21, 2017

2

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | |
| | ) | Civil Action No. 2017-CP-26-03168 |
| MARIA ZAMORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| LANDSCAPE RESOURCES, LLC & | ) | |
| JAMES R. HORTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I hereby certify that I have this 21st day of June, 2017, served a copy of the foregoing *Defendants' Motion to Dismiss* with the Clerk of Court using the South Carolina E-Filing System which will send notification of such filing to the following:

David J. Canty, Esquire
David J. Canty, P.A.
4612 Oleander Drive
Myrtle Beach, South Carolina 29577
(843) 449-4249
*Attorney for Plaintiff*

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/Amy Y. Jenkins*
Amy Y. Jenkins, S.C. Bar No.: 12239
Jonathan G. Lane, S.C. Bar No.: 101787
735 Johnnie Dodds Boulevard, Suite 200 (29464)
Post Office Box 650007
Mt. Pleasant, South Carolina 29465
(843) 576-2900

ATTORNEYS FOR DEFENDANTS

3

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | |
| | ) | Civil Action No. 2017-CP-26-03168 |
| MARIA ZAMORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' MEMORANDUM OF** |
| | ) | **LAW IN SUPPORT OF MOTION TO** |
| LANDSCAPE RESOURCES, LLC & | ) | **DISMISS** |
| JAMES R. HORTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Landscape Resources, LLC ("LRL") and James R. Horton ("Horton") hereby submit this Memorandum of Law in Support of Motion to Dismiss the Complaint against them pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. Specifically, Defendants move this Court to dismiss Plaintiff's claim against them for the following reason:

1. the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* (hereinafter "SCPWA") does not govern overtime and includes no provisions requiring employers to pay overtime to employees. Rather, any such claim is preempted by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and her Complaint should be dismissed.

## FACTS ALLEGED

Plaintiff Maria Zamora ("Plaintiff") alleges that she was "employed by the Defendants or their predecessors in interest for five years until May 15, 2017." (Compl., ¶ 2) Plaintiff alleges that "throughout [her] employment Defendants engaged in a systematic scheme of wag (sic) theft." (Compl., ¶ 5) She alleges that "Defendants routinely paid overtime wages for hours above

1

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

forty-five per week rather than forty." (Compl., ¶ 6) Plaintiff claims that "the Defendants in this manner appropriated to themselves Plaintiff's overtime wages amounting to approximately Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars." (Compl., ¶ 7) Plaintiff further alleges that "there is presently due owing (sic) from the Defendants, jointly and severally, the approximate sum of Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars unpaid wages which Plaintiff is informed and believes she is entitled to have trebled pursuant to Section 80(C) of the [SCWPA]." (Compl., ¶ 8). Plaintiff makes no factual allegations of any alleged "wage theft" other than her allegation that Defendants failed to pay her overtime.

## LEGAL ARGUMENT

Under S.C. R. Civ. P. 12(b)(6), a party may move to dismiss a complaint against him based on a failure to state facts sufficient to constitute a cause of action. *Id.*; *Cole Vision Corp. v. Hobbs*, 714 S.E.2d 537, 539 (S.C. 2011). In considering a motion under Rule 12(b)(6), the court must base is ruling solely on the allegations contained within the four corners of the complaint. *Id.* Where, as here, the complaint fails to state a valid claim for relief, the motion should be granted and the complaint dismissed. *Id.* For the reasons set forth below, Plaintiff fails to assert facts showing a plausible basis for relief against Defendants, and the Court should dismiss the Complaint in its entirety.

1. **PLAINTIFF'S CLAIMS PURSUANT TO THE SCPWA MUST BE DISMISSED BECAUSE THE SCPWA DOES NOT GOVERN OVERTIME AND INCLUDES NO PROVISIONS REQUIRING EMPLOYERS TO PAY OVERTIME TO EMPLOYEES.**

Plaintiff's Complaint brought pursuant to the SCPWA must be dismissed because the SCPWA does not provide a cause of action for failure to pay overtime.

The SCWPA provides, in relevant part, that "[e]very employer in the State shall pay all wages due [to employees]". S.C. Code Ann. § 41-10-40(A) and (C). "Wages" are defined by the

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

SCWPA as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract. Funds placed in pension plans or profit sharing plans are not wages subject to this chapter." S.C. Code Ann. § 41-10-10(2). Nowhere in the text of the SCWPA is the term "overtime" or a reference to "forty hours" mentioned in any way, and there is no case law that interprets the statute as providing a requirement that employers pay employees overtime for hours worked over forty per week.

As the SCWPA does not require payment of overtime, Plaintiff's Complaint should be dismissed in its entirety pursuant to S.C. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief can be granted.

2. **EVEN IF THE SCWPA DID APPLY TO CLAIMS FOR OVERTIME, WHICH IS DENIED, PLAINTIFF'S SCWPA CLAIM MUST STILL BE DISMISSED BECAUSE IT IS PREEMPTED BY THE FLSA.**

Even if the SCWPA did apply to claims for failure to pay overtime, which is denied, Plaintiff's SCPWA claim must still be dismissed because it is preempted by the FLSA.

"'Congress prescribed exclusive remedies in the FLSA for violations of its mandates,' and state law claims are preempted where they 'merely duplicate[]' FLSA claims." *Degidio v. Crazy Horse Saloon & Rest., Inc.*, 2015 U.S. Dist. LEXIS 132558, *13 (D.S.C. Sept. 30, 2015) (quoting *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007)). "This includes claims under the SCPWA that seek to recover minimum wages and overtime." *Id.* (citing *Hudson v. City of Columbia*, No. 3:13-429, 2015 U.S. Dist. LEXIS 8292, 2015 WL 337637, at *15 (D.S.C. Jan. 26, 2015); *Billoni v. Bryant*, 0:14-CV-03060-JMC, 2015 U.S. Dist. LEXIS 108468, 2015 WL 4928999, at *10 (D.S.C. Aug. 18, 2015); *Void v. Orangeburg County Disabilities and Spec.*

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

*Needs Bd.*, 5:14-CV-02157-JMC, 2015 U.S. Dist. LEXIS 10087, 2015 WL 404247, at *5 (D.S.C. Jan. 29, 2015)). Thus, to the extent that a plaintiff alleges that a defendant "violated her rights under the SCWPA by failing to pay appropriate minimum wages for all hours worked and denying overtime wages, those claims are preempted by the FLSA." *Degidio* at *13 (internal quotations omitted).

Here, Plaintiff's entire SCWPA claim is based on the allegation that Defendants allegedly failed to pay overtime wages for all hours worked over forty per week. Since this overtime claim made pursuant to the SCWPA is preempted by the FLSA, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint must be dismissed pursuant to S.C. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and dismiss Plaintiff's Complaint in its entirety.

McANGUS GOUDELOCK & COURIE, L.L.C.

*s/Amy Y. Jenkins*
Amy Y. Jenkins, S.C. Bar No.: 12239
Jonathan G. Lane, S.C. Bar No.: 101787
735 Johnnie Dodds Boulevard, Suite 200 (29464)
Post Office Box 650007
Mt. Pleasant, South Carolina 29465
(843) 576-2900

ATTORNEYS FOR DEFENDANTS

June 21, 2017

4

ELECTRONICALLY FILED - 2017 Jun 21 11:55 AM - HORRY - COMMON PLEAS - CASE#2017CP2603168

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | |
| | ) | Civil Action No. 2017-CP-26-03168 |
| MARIA ZAMORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| LANDSCAPE RESOURCES, LLC & | ) | |
| JAMES R. HORTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I hereby certify that I have this 21ˢᵗ day of June, 2017, served a copy of the foregoing *Defendants' Memorandum of Law in Support of Motion to Dismiss* with the Clerk of Court using the South Carolina E-Filing System which will send notification of such filing to the following:

> David J. Canty, Esquire
> David J. Canty, P.A.
> 4612 Oleander Drive
> Myrtle Beach, South Carolina 29577
> (843) 449-4249
> *Attorney for Plaintiff*

> McANGUS GOUDELOCK & COURIE, L.L.C.
>
> s/Amy Y. Jenkins
> Amy Y. Jenkins, S.C. Bar No.: 12239
> Jonathan G. Lane, S.C. Bar No.: 101787
> 735 Johnnie Dodds Boulevard, Suite 200 (29464)
> Post Office Box 650007
> Mt. Pleasant, South Carolina 29465
> (843) 576-2900
>
> ATTORNEYS FOR DEFENDANTS

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF HORRY )

Maria Zamora,                                  ) CIVIL ACTION COVERSHEET
                         **Plaintiff(s)**    )
                                             )     2017-CP - 26- 03168
                vs.                          )
                                             )
Landscape Resources, LLC & James R. Horton,  )
                         **Defendant(s)**    )

| | |
|---|---|
| Submitted By: David J. Canty, P.A. | SC Bar #: 1122 |
| Address: 4612 Oleander Drive | Telephone #: (843) 449-6304 |
| Myrtle Beach, SC 29577 | Fax #: (843) 449-4249 |
| | Other: |
| | E-mail: mbcounsel@frontier.com |

**NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.**

## DOCKETING INFORMATION *(Check all that apply)*
### *If Action is Judgment/Settlement do not complete*

- ☐ **JURY TRIAL** demanded in complaint.   ☒ **NON-JURY TRIAL** demanded in complaint.
- ☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___ -NI-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☒ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| _____ | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) _____ | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | Judgments/Settlements cont. | Appeals cont. |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers | ☐ Other (999) _____ |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | Compensation Settlement | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | Approval (780) | _____ |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in | ☐ Other (799) _____ | |
| ☐ Sexual Predator (510) | an Out-of-County Action (660) | | |
| ☐ Permanent Restraining Order (680) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:**   s/David J. Canty _____     **Date:**   July 14, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)                                        Page 1 of 2

ELECTRONICALLY FILED - 2017 Jul 14 1:40 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

ELECTRONICALLY FILED - 2017 Jul 14 1:40 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

STATE OF SOUTH CAROLINA  )   IN THE COURT OF COMMON PLEAS OF THE
                      )         FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY            )            17-CP-26-03168
                      )
Maria Zamora,               )
          Plaintiff,   )
                      )
   v.                  )       SUMMONS
                      )
Landscape Resources, LLC &  )
James R. Horton,        )
           Defendants.  )

TO:   THE DEFENDANTS ABOVE-NAMED

     **YOU ARE HEREBY SUMMONED** and required to Answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Amended Complaint on the subscriber at his office at 4612 Oleander Drive, Myrtle Beach, S.C. 29577, within (30) days after the service hereof; exclusive of the day of such service; and if you fail to Answer the Amended Complaint within the time aforesaid, Judgment by Default will be rendered against you for the relief demanded in the Amended Complaint.

                                   **David J. Canty, P.A.**

Myrtle Beach, S.C.              by:   <u>s/David J. Canty</u>
July 14, 2017                       S.C. Bar No. 1122
                              Attorney for Plaintiff
                              4612 Oleander Drive
                              Myrtle Beach, S.C. 29577
                              Office (843) 449-6304
                              Fax (843) 449-4249
                              mbcounsel@frontier.com

ELECTRONICALLY FILED - 2017 Jul 14 1:40 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS OF THE
                                   )             FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY            )                17-CP-26-03168
                                     )
Maria Zamora,                  )
               Plaintiff,    )
                                     )
v.                                )              AMENDED COMPLAINT
                                     )
Landscape Resources, LLC &     )
James R. Horton,           )
                  Defendants.  )

The Plaintiff, Complaining of the Defendants, would respectfully show unto this Honorable Court as follows:

1. That upon information and belief the Defendant LLC is a South Carolina LLC licensed to do business and doing business in the County and State aforesaid, the Plaintiff and individual Defendant are residents of the aforesaid County, the acts and omissions complained of herein occurred in the aforesaid County and this Honorable Court has jurisdiction in this matter.

2. That the Plaintiff was employed by the Defendants or their predecessors in interest for five years until May 15, 2017.

3. That Plaintiff was Defendants' "Employee" within the meaning of the Payment of Wage Act, §41-10-10, et seq., Code of Laws of South Carolina (hereinafter "SCPWA") and the Fair Labor Standards Act, §29 U.S.C. 201, et seq. (hereinafter "FLSA").

4. That Defendants were, for the period of five years Plaintiff's "Employers" within the meaning of §10 of the SCPWA and §203 (D) of the FLSA in that the individual Defendant was both a principal, agent or officer of the corporate Defendant and directly responsible for the decision to withhold wages as set forth infra, and a person acting directly or indirectly in the interest of an employer.

1

ELECTRONICALLY FILED - 2017 Jul 14 1:40 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168

5. That throughout Plaintiff's employment Defendants engaged in a systematic scheme of wag theft.

6. That the Defendants routinely paid overtime wages for hours above forty-five per week rather than forty.

7. That the Defendants in this manner appropriated to themselves Plaintiff's overtime wages amounting to approximately Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars.

8. That there is presently due owing from the Defendants, jointly and severally, the approximate sum of Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars unpaid wages which Plaintiff is informed and believes she is entitled to have trebled pursuant to §80 (C) of the SCPWA and/or doubled pursuant to §216 (B) of the FLSA.

9. That Plaintiff is informed and believes that she is entitled to a complete accounting of her hours and pay for the five years ending May 15, 2017 pursuant to §30(B) of the SCPWA.

10. That Plaintiff is informed and believes that she is entitled to an award of reasonable attorney's fees and costs against the Defendants, jointly and severally, in an amount deemed appropriate by this Honorable Court.

Wherefore Plaintiff prays that this Honorable Court inquire into the matters herein alleged and:

        a.) Grant Judgment in favor of the Plaintiff and against the Defendants, jointly and severally, in the amount two or three times the wages found to be due, estimated at approximately Five Thousand Nine Hundred and Fifty and 00/100 ($5,950.00) Dollars;

        b.) Award Plaintiff a reasonable sum as attorney's fees plus costs;

c.) Order a complete accounting of Plaintiff's hours and pay for the past five (5) years; and

d.) Grant such other and further relief as this Honorable Court deems just and proper.

**David J. Canty, P.A.**

Myrtle Beach, S.C.                         by:  ___s/David J. Canty_____
July 14, 2017                                    S.C. Bar No. 1122
                                                 Attorney for Plaintiff
                                                 4612 Oleander Drive
                                                 Myrtle Beach, S.C. 29577
                                                 Office (843) 449-6304
                                                 Fax (843) 449-4249
                                                 mbcounsel@frontier.com

3

ELECTRONICALLY FILED - 2017 Jul 14 1:40 PM - HORRY - COMMON PLEAS - CASE#2017CP2603168